UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ANGELA JONES, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>AUTOZONERS, LLC, )<br>)<br>    Defendant. )<br>_____) | Civil Case No. 4:21-cv-00109 |

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, ANGELA JONES ("Plaintiff" or "Jones") and files her complaint against Defendant, AUTOZONERS, LLC ("Defendant" or "AutoZone") and in support she states the following:

### NATURE OF THE ACTION

1. This is an action for monetary damages and injunctive relief, pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA") and the Texas Commission on Human Rights Act, 1.3.3 Article 5221K, *et seq.* ("TCHRA") to redress Defendant's unlawful employment practices against Plaintiff including discrimination, harassment, and retaliation because of her disability, leading to Plaintiff's unlawful termination.

### JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADA.

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

5. Plaintiff is a citizen of the United States and at all times material his primary residence was in Tarrant County, Texas.

6. Defendant is a foreign for-profit corporation with its principal place of business in Memphis, TN.

7. Plaintiff last worked for Defendant at its store located at 1028 S Crowley Rd., Crowley, TX 76036.

8. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On or about January 1, 2020, Plaintiff dual-filed a claim with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission Civil Rights Division ("TWCCRD"), satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on disability and retaliation.

11. Plaintiff's charge was filed within one hundred and eighty days after the unlawful employment practices occurred.

12. On November 3, 2020, the EEOC issued Plaintiff a Dismissal and Notice of Rights.

13. This complaint was filed within ninety (90) days of the EEOC's issuance of the Dismissal and Notice of Rights

**FACTUAL ALLEGATIONS**

14. On or about October 4, 2012, Plaintiff began working for Defendant as a part-time commercial driver and in October 2012 she became a part-time sales associate.

15. Plaintiff is a disabled female and/or was perceived as disabled by Defendant. Plaintiff suffers from Binswanger Disease, complication resulting from a prior stroke, and Osteoarthritis/Degenerative Join Disease.

16. In March 2017 Plaintiff notified Defendant that her physician had recommended a number of workplace restrictions including limiting her time standing to two to four hours and that she could not push more than twenty pounds or lift more than ten pounds. Plaintiff's accommodation requests were granted.

17. On or about August 14, 2018 Plaintiff provided Defendant with a note from her physician which notified the company that she suffered from degenerative disk disease and that she was a stroke survivor with residual effects. Her physician recommended that she be granted accommodations to limit prolonged standing and sitting. Plaintiff's accommodation requests were granted.

18. In March 2019 Plaintiff requested a transfer to Store Number 3543. At the time of her transfer request, Plaintiff provided Defendant with a handwritten note outlining her disability and made the request for the reasonable accommodation of being provided with a stool so that she would not have to stand for extended periods. Plaintiff also notified Defendant that she was unable to lift more than thirty pounds and she was only able to work twenty-two hours per week.

19. Plaintiff's transfer request was approved, and she was provided with a stool per her reasonable accommodation request.

20. In September 2019 Plaintiff's Store Manager, Brandi Johnson, removed the stool Plaintiff had as part of her required accommodations and refused to permit Plaintiff to use it.

21. In October 2019 Plaintiff requested another transfer as she no longer wished to continue to work in the hostile work environment created by Ms. Johnson and she was transferred to Store Number 6392.

22. Immediately upon her transfer, Plaintiff's hours were reduced to fifteen hours per week in retaliation.

23. On November 25, 2019 Plaintiff provided Defendant with a letter from her physician which reiterated the same limitations and accommodations Plaintiff had requested previously. The only change was that Plaintiff's lifting restrictions went from not being able to lift more than ten pounds to not being able to lift more than five pounds. This information was reiterated to Defendant when Plaintiff provided Defendant with an updated Physician Report on December 19, 2019.

24. Defendant refused to grant Plaintiff's required accommodations and placed her on a forced medical leave of absence beginning on December 20, 2019.

25. Defendant continued to refuse to accommodate Plaintiff's restrictions and when Plaintiff's physician provided a note in January 2021 stating Plaintiff's restriction were currently the same as they were in 2019 and 2020, including not lifting more than ten pounds, Defendant terminated Plaintiff's employment.

26. Plaintiff maintained an exemplary work record devoid of discipline.

27. Plaintiff's termination has caused great financial hardship to Plaintiff.

28. Plaintiff has been damaged by Defendant's illegal conduct.

29. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

**Count I: Disability Discrimination in Violation of the ADA**

30. Plaintiff re-alleges and adopts, as it fully sets forth herein, the allegations stated in Paragraphs 1-29 above.

31. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

32. Plaintiff has an actual disability, has a record of being disabled, and/or was perceived as being disabled by Defendant.

33. Defendant is prohibited under the ADA from discriminating against Plaintiff because of her medical condition regarding discharge, employee compensation, and other terms, conditions, and privileges of employment.

34. Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on her medical condition.

35. Defendant intentionally discriminated against Plaintiff based on her medical condition.

36. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

37. Defendant's unlawful conduct in violation of the ADA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling her to an award of exemplary and/or punitive damages.

### Count II: Failure to Accommodate in Violation of the ADA

38. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-29 above.

39. Plaintiff is a disabled person as defined by the ADA in that she has an actual disability, has a record of being disabled, and/or was perceived as being disabled by Defendant.

40. Defendant failed to engage in the interactive process and failed to accommodate Plaintiff as required by the ADA.

41. As a result of the foregoing, Plaintiff was caused to be injured and damaged; to have her career significantly and adversely impacted; to forgo compensation and benefits; and to endure embarrassment, mental anguish and emotional distress.

### Count III: Retaliation in Violation of the ADA

42. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-29 above.

43. Plaintiff engaged in protected activity under the ADA while employed by Defendant.

44. Defendant engaged in intentional retaliation against Plaintiff for her participation in protected activity.

45. Defendant's conduct violated the ADA.

46. Defendant intentionally retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment.

47. Defendant's conduct violates the ADA.

48. Defendant's discriminatory conduct in violation of the ADA has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

49. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

50. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling her to punitive damages.

### Count IV: Disability Discrimination in Violation of the TCHRA

51. Plaintiff re-alleges and adopts, as it fully sets forth herein, the allegations stated in Paragraphs 1-29 above.

52. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the TCHRA.

53. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

54. Defendant is prohibited under the TCHRA from discriminating against Plaintiff because of her medical condition with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

55. Defendant violated the TCHRA by unlawfully terminating and discriminating against Plaintiff based on her medical condition.

56. Defendant intentionally discriminated against Plaintiff based on her medical condition.

57. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the TCHRA, Plaintiff has suffered and continues to suffer, lost wages, lost

benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

58. Defendant's unlawful conduct in violation of the TCHRA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of her civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

### Count V: Retaliation in Violation of the TCHRA

59. Plaintiff re-alleges and adopts, as it fully sets forth herein, the allegations stated in Paragraphs 1-29 above.

60. Plaintiff engaged in protected activity under the TCHRA while employed by Defendant.

61. Defendant engaged in intentional retaliation against Plaintiff for her participation in protected activity.

62. Defendant's conduct violates the TCHRA.

63. Defendant's discriminatory conduct, in violation of the TCHRA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

64. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

65. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's statutorily protected rights, thereby entitling her to punitive damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:
*/s/ Gabrielle E. Klepper*
Gabrielle E. Klepper
Texas Bar Number: 24090213
**Spielberger Law Group**
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
Gabrielle.Klepper@spielbergerlawgroup.com

*Counsel for Plaintiff*